IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOEY L. STARR,

                Plaintiff,

     vs.                             Civil Action 2:12-cv-290
                                     Judge Graham
                                     Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## OPINION AND ORDER

    This action seeks review of the administrative decision denying plaintiff's application for disability insurance benefits. On January 25, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that the action be dismissed. *Report and Recommendation*, Doc. No. 19. This matter is now before the Court on plaintiff's objections to that recommendation. *Plaintiff's Objections Magistrate's [sic] Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 20. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

    Plaintiff first argues that the hypothetical question posed by the administrative law judge to the vocational expert did not accurately portray plaintiff's moderate psychological limitations. *Plaintiff's Objections*, pp. 1-7. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can

perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). "Hypothetical questions, however, need only incorporate those limitations which the [administrative law judge] has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2010) (citing *Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The administrative law judge found that plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(c) except he can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; must avoid jobs requiring fine hearing capabilities; must avoid working in environments with loud background noise; must avoid jobs exposing him to hazards such as dangerous moving machinery or unprotected heights; and cannot drive as part of work. Further, he is limited to simple, routine work involving no more then 3-4 step tasks in an environment without fast-paced production demands that involves only occasional interactions with others.

*PAGEID* 59.

At the administrative hearing, the administrative law judge asked the vocational expert to assume a claimant with plaintiff's vocational profile who is limited to light exertion and who

> would be unable to climb ladders, ropes or scaffolds, could occasionally climb ramps and stairs, could also occasionally stoop, kneel, crouch, and crawl, would need to avoid jobs requiring fine hearing capabilities, would also need to avoid an environment that would have a loud background noise, would also need to avoid hazards, such as unprotected heights, dangerous moving machinery and driving as part of work, would be limited to doing simple routine, no more than three to four step tasks and in [an] environment without fast paced production demands and with occasional interaction with others.

*PAGEID* 122-23.  The vocational expert responded that such a claimant could not perform plaintiff's past relevant work, but would be able to perform unskilled jobs at the light exertional level, including such jobs as inspector and laundry folder, of which there are 15,000 and 25,000 positions in the state, respectively.  *PAGEID* 124.

The hypothetical posed to the vocational expert includes all of the limitations in plaintiff's RFC.  Plaintiff argues, however, that the hypothetical is deficient because it does not include "the moderate limitation in concentration, persistence and pace and the moderate limitation in social functioning," as found by the administrative law judge.  *Plaintiff's Objections*, p. 5.

The administrative law judge found, at steps two and three of the sequential evaluation process, that plaintiff had moderate difficulties in social functioning and with regard to concentration, persistence or pace.  *PAGEID* 58.  These limitations, as noted by the administrative law judge, "are not a residual functional capacity assessment," but are, nevertheless, reflected in the RFC determination.  *PAGEID* 58-59.

In determining plaintiff's RFC, the administrative law judge noted the following:

> Given the record of poor memory and deficits in concentration, the undersigned limits the claimant to simple, routine work involving no more than 3-4 steps. Further, taking into account his cognitive problems and notes of slowed speech and behavior, he must work in an environment without fast-paced production demands. Finally, because he has had problems relating to co-workers and supervisors in the past, he should have only occasional interactions with others.

*PAGEID* 66.  Plaintiff cites *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), for the proposition that the limitations found by the administrative law judge do not appropriately reflect a moderate limitation in concentration, persistence or pace or a moderate limitation in social functioning.  *Plaintiff's Objections*, pp. 4-7.  This Court disagrees.

As discussed *supra*, a vocational expert's testimony in response to a hypothetical question can serve as substantial evidence only if the question accurately portrays the claimant's physical and mental impairments.  *Ealy*, 594 F.3d at 516.  The United States Court of Appeals for the Sixth Circuit has found that an omission of speed and pace restrictions from a hypothetical question is reversible error.  *See id.* at 516-19.  In *Ealy*, the administrative law judge "relied on the vocational expert's testimony in response to a hypothetical question that stated, in relevant part, 'assume this person is limited to simple, repetitive tasks and instructions in non-public work settings.'"  *Id.* at 517.  The Sixth Circuit remanded the case because the hypothetical inadequately described the claimant's moderate difficulties with regard to concentration, persistence or pace.  *See id.* (citing *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930-31 (E.D. Mich. 2005) (finding that a hypothetical limiting claimant to "jobs entailing no more than simple, routine, unskilled work" is not adequate to convey a moderate limitation in ability to concentrate, persist, and keep pace) ("Plaintiff may be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job."); *Whack v. Comm'r of Soc. Sec.*, No. 06-4917, 2008 U.S.

4

Dist. LEXIS 14083, at *8 (E.D. Pa. Feb. 26, 2008) (citing cases for the proposition that hypothetical restrictions of "simple" or "low-stress" work do not sufficiently incorporate the claimant's medically established limitations where the claimant has moderate deficiencies in concentration, persistence or pace)).

This is not a case where the administrative law judge completely omitted a moderate limitation from a hypothetical to the vocational expert. Although the administrative law judge did not describe plaintiff's limitations exactly as he did at steps two and three of the sequential process, he incorporated all of plaintiff's impairments in the hypothetical. First, the administrative law judge's statement that plaintiff was limited "to simple, routine work involving no more than 3-4 steps," reflects plaintiff's deficit in concentration. Second, the limitation to working in an "environment without fast paced production demands" accounts for the limitation of persistence or pace. Finally, the limitation to "occasional interactions with others" adequately reflects plaintiff's limitations in social functioning. As a result, the hypothetical posed to the vocational expert adequately incorporates plaintiff's physical and mental limitations.

The administrative law judge posed a complete hypothetical question to the vocational expert and reasonably accepted the vocational expert's testimony that a claimant described in that hypothetical could perform a significant number of jobs in the national economy. The decision of the administrative law judge, in relying on the testimony of the vocational expert, is therefore

supported by substantial evidence. *See Felisky v. Bowen*, 35 F.3d
1027, 1036 (6th Cir. 1994) (where a hypothetical accurately described
the plaintiff in all relevant respects, the vocational expert's
response to the hypothetical question constitutes substantial
evidence).

Plaintiff next argues that the administrative law judge
improperly rejected the opinion of Jennifer Speakman, Ph.D., a
psychologist who examined plaintiff in July 2010 for a county welfare
agency. *Plaintiff's Objections*, pp. 7-9. Specifically, plaintiff
argues that the administrative law judge erred in rejecting Dr.
Speakman's opinion that plaintiff was "markedly limited" in a number
of areas of work-related functioning. *See id*.

In July 2010, Dr. Speakman diagnosed plaintiff with major
depressive disorder and post-traumatic stress disorder and she
characterized plaintiff as "unemployable" for a period of 12 months or
more. *PAGEID* 595-97. Dr. Speakman found, *inter alia*, that plaintiff
was markedly limited in the ability to (1) carry out detailed
instructions, (2) perform activities within a schedule, maintain
regular attendance, and be punctual within customary tolerances, (3)
work in coordination with or proximity to others without being
distracted by them, (4) complete a normal workday and workweek without
interruptions from psychologically based symptoms and to perform at a
consistent pace without an unreasonable number and length of rest
periods, (5) interact appropriately with the general public, (6) get
along with coworkers or peers without distracting them or exhibiting
behavioral extremes, (7) maintain socially appropriate behavior to

6

adhere to basic standards of neatness and cleanliness, and (8) set realistic goals or make plans independently of others.  *PAGEID* 597.

Because Dr. Speakman is not a treating source, *see* 20 C.F.R. § 404.1502, her opinions are not entitled to the deference generally accorded to those of a treating provider.  The administrative law judge gave "little weight" to Dr. Speakman's opinions and noted the following:

> Although the examination did reveal significant mental status problems, the claimant was not receiving any treatment at that point or taking any medications for his problems.  This assessment also varies from the claimant's reported ability to use and fix computers and take daily walks with his dog.

*PAGEID* 66.

Plaintiff argues, but has not cited authority for the proposition, that "[t]he absence of treatment can not [sic] be used as a basis to reject the opinion of an examining source."  *Plaintiff's Objections*, p. 8.  This is not, however, a case where the administrative law judge based a finding of improvement or non-disability on a claimant's lack of treatment.  *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009) ("We recognize that ALJs must be careful not to assume that a patient's failure to receive mental-health treatment evidences a tranquil mental state.  For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself.") (citations omitted); *Blacha v. Sec. of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (indicating that a failure to seek treatment undercuts complaints of disabling pain).  Rather, the administrative law judge cited a lack of treatment in evaluating Dr. Speakman's assessment.  Plaintiff's

7

medical records suggest that his mental condition had improved and
stabilized, both before and after Dr. Speakman's evaluation, with
treatment and medication. *See PAGEID 66.* Her assessment and
opinions, made at a time when plaintiff was not receiving any
treatment, are therefore not longitudinally accurate or reliable. *See
PAGEID* 458-60, 623 (medical records suggesting that plaintiff's
condition improved and stabilized with treatment). The administrative
law judge's decision in this regard enjoys substantial support in the
record.

Plaintiff also argues that the administrative law judge's
decision to give little weight to the opinion of Dr. Speakman is
"irreconcilable" with the significant weight given to the opinion of
Dr. Olah, because both doctors examined plaintiff when he was not
receiving treatment. *Plaintiff's Objections*, p. 8. The two opinions
are, however, distinguishable. Dr. Olah's opinion was accorded great
weight because, unlike Dr. Speakman's opinion, it was "consistent with
the examination, the objective evidence, and the claimant's ability to
use computers, talk over the internet, and walk the dog." *PAGEID* 66.
The Magistrate Judge concluded that these findings enjoy substantial
support in the record. *Report and Recommendation*, p. 17. This Court
agrees with that conclusion.

Finally, plaintiff argues that the administrative law judge erred
in assigning little weight to the opinion of certified nurse
practitioner Debbie Marshall.[1] *Plaintiff's Objections*, pp. 9-10.

---

[1] Plaintiff made a similar argument in his *Statement of Errors*, which was
rejected by the Magistrate Judge. *See Report and Recommendation*, p. 17.

8

Plaintiff concedes that a certified nurse practitioner is not an acceptable source for the purpose of establishing "a medically determinable impairment." *Id.* Plaintiff argues, however, that Ms. Marshall's opinion should be used to provide insight into the severity of already established impairments and that Ms. Marshall's opinion is consistent with the opinion of Dr. Speakman. *Id.*

Nurse practitioners are not included in the list of acceptable medical sources found in the Commissioner's regulations. 20 C.F.R. § 404.1513(a). The opinions of nurse practitioners, even treating nurse practitioners, are therefore not entitled to the controlling weight or deference to which the opinions of treating physicians are ordinarily entitled. *See* 20 C.F.R. §§ 404.1527(d). However, administrative law judges are vested with the "discretion to determine the proper weight to accord opinions from 'other sources' such as nurse practitioners." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)). As plaintiff notes, evidence from other sources, including nurse practitioners, may be considered "to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. §§ 404.1513(d)(1). Among the factors to be considered in evaluating the opinions of these "other sources" are the length of time and frequency of treatment, consistency with other evidence, the degree to which the source presents relevant evidence to support the opinion, how well the opinion is explained, whether the source has a special expertise, and any other factor supporting or refuting the opinion. SSR 06-03p, 2006 WL 2329939, at *4-5 (Aug. 9,

2006).  An administrative law judge need not weigh all the factors in every case; the evaluation depends on the particular facts in each case.  *See id.* at *5.  However, the administrative law judge "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  *Id.* at *6.

On March 22, 2011, plaintiff began monthly treatment with Ms. Marshall.  *See PAGEID* 587-90, 630.  The record appears, however, to contain treatment notes from only plaintiff's initial visit.  *See PAGEID* 587-90.  Ms. Marshall noted that, on that date, plaintiff's speech was normal, he was cooperative and pleasant with full affect, he had logical, linear, coherent and goal-directed thoughts, he demonstrated no delusions or disorganized thinking, his behavioral controls appeared adequate, he had minor difficulty with remote and recent recall, and there were no gross cognitive defects.  *PAGEID* 589-90.  Ms. Marshall's notes also reflect plaintiff's irritable/angry mood, fleeting thoughts of suicide and hurting others, and deficient attention to hygiene and grooming.  *Id.*  Ms. Marshall diagnosed bipolar disorder, NOS, and post-traumatic stress disorder.  *PAGEID* 590.

On August 1, 2011, Ms. Marshall opined that plaintiff was seriously limited in his ability to: (1) maintain regular attendance and be punctual within customary, usual strict tolerances; (2) sustain an ordinary routine without special supervision; (3) work in

coordination with or proximity to others without being unduly distracted; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms; (5) deal with normal work stress; (6) maintain regular attendance; (7) understand and remember detailed instructions; (8) carry out detailed instructions; and (9) deal with the stress of semiskilled and skilled work. *PAGEID* 632-33. As used by Ms. Marshall, the term "seriously limited" means "less than satisfactory, but not precluded in all circumstances." *Id*.

In his decision, the administrative law judge accorded little weight to the opinion of Ms. Marshall because, "[a]s a CNP, she is not an acceptable source, and she has only just begun treating the claimant with minimal records on file supporting her assessment." *PAGEID* 66. Although succinct, the administrative law judge's analysis is sufficiently specific as to the weight given to Ms. Marshall's opinion and the reasons for assigning that weight. Notably, the only treatment notes contained in the record are from plaintiff's March 22, 2011 initial session with Ms. Marshall, and those notes do not support the limitations contained in Ms. Marshall's August 1, 2011 opinion. The administrative law judge noted the length of plaintiff's treatment with Ms. Marshall and the degree to which relevant evidence supported her opinion. Although a lengthier explanation might be preferable, a formulaic recitation of the factors is not required under the circumstances. *See* SSR 06-03p, at *6.

In sum, *Plaintiff's Objections*, Doc. No. 20, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 19, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date: February 21, 2013

James L. Graham
United States District Judge